*19 MR. JUSTICE WEBER,
respectfully dissenting as follows:
While in general I agree with the legal theories stated in the majority opinion, I do not agree with the result.
The contradiction which is not clearly resolved is pointed out in the majority quotation from the District Court opinion which states:
“The second principal ground for resistance by respondent Pihlaja is his contention that to grant the relief requested by petitioners will be tantamount to ordering that the separate water right adjudication decrees of Clear Creek and Rock Creek be administered as one, which would be violative of the due process rights of all of the other owners of water rights in Clear Creek.
“If that were the scope of relief sought by the present petitioners, the respondent’s position would be well taken. . .” The order of the District Court does result in rights on Clear Creek and Rock Creek being administered as one.
The petition of February 17, 1970, sought approval for the use of Rock Creek as a conduit to carry Clear Creek water for approximately one and one-quarter miles. The 1970 order does not indicate any intention on the part of petitioners or the District Court to subject Clear Creek rights to Rock Creek rights as a result of the application. Nonetheless, the District Court in its memorandum stated:
“That brings us to the basic problem involved, namely, a determination of the relationship between the Clear Creek water and water rights of respondent, and the decreed water rights in Rock Creek of the present petitioners.”
The District Court then pointed out that the decreed Rock Creek rights are prior in time to the Clear Creek appropriations.
The District Court then made its “clarification” of the 1970 order. The effect of that “clarification” is to hold that the request to transport water in Clear Creek subjected Clear Creek rights to the Rock Creek adjudication. As a result, appellant is now required to allow his Clear Creek *20 water to flow into Rock Creek where it is to be used by Rock Creek appropriators during times of water shortage.
As a result, for the parties to this action, two separate streams are administered as one, a result which the District Court indicated it did not intend. I do not find the 1970 petition and order a sufficient basis for that type of action.
From the majority opinion, which is founded upon the principle of first in time being first in right, an owner of a Rock Creek water right can arbitrarily sue any owner of a Clear Creek right and restrain his usage of water during times of shortage. In the absence of an adjudication which covers both streams, I do not agree with that conclusion.